IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>DIEGO HERNANDEZ<br><br>        Defendant. | No.9:17-CR-00016-2-RC |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Pending is Defendant's *Motion for Compassionate Release*. (Doc. No. 138.) This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59. The Government filed a response arguing against the Defendant's release. (Doc. No. 141.) Having considered the pending motion, the Government's Response, the record, and the applicable law, the undersigned recommends denying the Defendant's motion.

**I. BACKGROUND**

On September 29, 2017, Diego Hernandez, the Defendant, pled guilty to Counts Two and Three of the Indictment charging him with Distribution of a Controlled Substance and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). (Doc. Nos. 100, 102.) On June 13, 2019, Judge Clark sentenced Hernandez to 36 months' imprisonment followed by 3 years' supervised release on Count Two and 60 months' imprisonment followed by 5 years of supervised release on Count Three. (Doc. No. 134.) The terms of imprisonment were ordered to be served consecutively. (*Id.*) In the

1

instant motion, Hernandez seeks compassionate release from prison alleging that he has medical conditions that constitute an extraordinary and compelling reason justifying his release. (Doc. No. 138.) He also alleges that his living conditions at the BOP facility where he is housed are a health risk. (*Id.*)

## II. ANALYSIS AND RECOMMENDATION

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the *factors set forth in section 3553(a)* to the extent that they are applicable, if it finds that *extraordinary and compelling reasons* warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is *consistent with applicable policy statements issued by the Sentencing Commission* . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii) (emphasis added). This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release upon the defendant's request. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). Now, a defendant seeking compassionate relief must fully exhaust all of his administrative rights with

the Bureau of Prisons, which requires presenting the request to the BOP, before seeking a resolution in federal court. 18 U.S.C. § 3582(c)(l)(A); *United States v. Rivas*, 833 F. App'x 556, 557–58 (5th Cir. 2020) (citing *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020) (holding "the statute's language is mandatory")). After making an administrative request, the Director of the BOP can move for a reduction on the defendant's behalf, or if the Director fails to do so, the defendant can bring his own motion—but only if the defendant exhausts his administrative remedies with respect to that failure or waits thirty days from the day the warden of the defendant's facility received the request and took no action. *Id.*

Consequently, Hernandez must initially petition the BOP and, subsequently, fully exhaust his administrative rights to appeal or wait for 30 days to lapse from such a petition in order to bring a motion pursuant to 18 U.S.C. § 3582(c). In the instant motion, Hernandez stated that he has exhausted his remedies and is properly before this court and references attached exhibits. (Doc. No. 138.) No exhibits, however, were attached to his motion filed on May 3, 2021. The undersigned entered an order on May 5, 2021, directing the Government to respond to Hernandez's motion and also ordered that Hernandez should supplement his motion with the referenced exhibits by May 19, 2021. (Doc. No. 139.) To date, he has not provided any exhibits or documentation evidencing his administrative remedies were exhausted. Further, probation for the Eastern District of Texas indicated to the court that the Bureau of Prisons could not locate a request by Hernandez to the warden for a reduction in sentence. As such, the court is without authority to waive the full exhaustion of his administrative remedies. *United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *2 (W.D. La. Apr. 20, 2020) ("Section 3852(c)(1)(A) does not provide [the court] with the equitable authority to excuse [the

3

defendant's] failure to exhaust his administrative remedies or to waive the 30-day waiting period.").

In addition, as set forth in the compassionate release statute above, an applicant must show extraordinary and compelling reasons exist to warrant his release. The statute also states that a reduction in sentence must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(ii). In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older with a serious health condition and has served at least ten years or 75 percent of his term of imprisonment; (iii) the defendant's family has specified needs for a caregiver for a minor child or incapacitated spouse; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See United States v. Latham*, No. 6:18-CR-16-4, 2020 WL 4192920, at *2 (S.D. Tex. July 20, 2020). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, No. H-11-803-1, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

This application note, however, "only applies to 'motion[s] of the Director of the Bureau of Prisons,'" and the Commission has not yet adopted a new statement to implement the First Step Act. *United States v. Shkambi*, 993 F.3d 388, 391-392 (5th Cir. 2021). Although this application note is not binding upon courts in considering a defendant's motion for compassionate release, courts have used this definition of "extraordinary and compelling" to guide their analysis. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *Rivas*, 833 F. App'x 556, 558.

Unfortunately, Hernandez has not raised any grounds that would qualify as extraordinary and compelling reasons to warrant his release. He states in his motion that he is 22 years old and he has kidney failure, liver failure and a weak immune system, which puts him at greater risk for contracting COVID-19 and suffering health consequences as a result therefrom. (Doc. No. 138.) He also asserts that the Federal Prison Camp in Pensacola, Florida where he is housed was damaged by a hurricane and is deteriorating, creating an additional health concern for him. (*Id.*)

When interviewed in connection with his Presentence Investigation Report ("PSR"), Hernandez reported that he takes medication for depression, anxiety and sleep issues. (Doc. No. 129.) He also admitted to substance abuse, but there were no other reported health conditions as alleged now in his motion. (*Id.*) The Government obtained Hernandez's BOP records and attached them as an exhibit to their response and indicated that during 2020-2021, Hernandez has received medical treatment for mental health, low back pain, dental treatment, respiratory infection, reflux, and Rhabdomyolysis. (Doc. No. 141, Exhibit B.) On February 25, 2021, Hernandez was hospitalized for Rhabdomyolysis with elevated liver enzymes and told medical personnel that he had been strenuously exercising and taken several medications, which can contribute to the onset of this condition. (*Id.*) He was given hydration therapy and monitored

until his discharge. (*Id.*) There is no evidence that Hernandez has ongoing kidney, liver or immune related issues.

With regard to COVID-19, Hernandez's BOP records indicate that he received both doses of the Pfizer vaccination by the end of February 2021. (Doc. No. 141, Ex. B.) As noted in the Government's Response, the vaccine is 95% effective in preventing COVID-19 infection. *See* FDA Decision Memorandum, Pfizer—Dec. 11, 2020, https://www.fda.gov/media/144416/download. Consequently, there is no extraordinary and compelling reason to grant Hernandez compassionate release based upon his risk of contracting COVID-19.

In addition, Hernandez is no longer housed at the facility in Pensacola, Florida that he complains of in his motion. The Government states in their response that BOP staff reported that Hernandez was transferred to the Santa Rosa County Jail in Florida pending the outcome of a disciplinary hearing, which may ultimately lead to his transfer to another BOP facility. (Doc. No. 141, p. 18.) Probation confirmed this information. Therefore, his concerns regarding the health risks at the Pensacola facility are moot.

Moreover, as stated above, the court also considers the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant. Hernandez's offenses of conviction include distribution of a controlled substance—methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. Hernandez met with a confidential informant on at least ten different occasions to distribute methamphetamine, and he was personally responsible for 114.58 grams of methamphetamine. Of those ten occasions, Hernandez also sold a firearm to an informant on at

least five different dates.  Further, while on pre-trial release for these offenses, Hernandez was arrested for driving under the influence of alcohol by minor and no driver's license.

Hernandez's criminal history includes prior convictions for: driving under the influence of alcohol, and no driver's license.  (Doc. No. 129.)  In addition, Hernandez has prior arrests for delivery of a controlled substance, burglary of a building, assault causing bodily injury, violation of court order, consumption of alcohol by a minor, and trespass.  (*Id.*)  He also has a history of consistent substance abuse from the age of 12 or 13.  (*Id.*)

Taking all of the above facts into consideration, Hernandez has failed to meet the requisite standard for compassionate release.  It is therefore the recommendation of the undersigned that the Defendant's *Motion for Compassionate Release* be DENIED.

### III.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(B). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District

Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of May, 2021.

_____
Zack Hawthorn
United States Magistrate Judge